# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR01-0074-LRR |
| Plaintiff, | No. C05-0007-LRR |
| vs. | ORDER |
| DEON HARRIS, | |
| Defendant. | |

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 132). The defendant's motion was filed pursuant to 28 U.S.C. § 2255.[1] Also before the court is the defendant's motion to supplement his motion to vacate, set aside or correct his sentence (Docket No. 139). For the following

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

reasons, both of the defendant's motions shall be denied.[2] In addition, a certificate of appealability shall be denied.

## I. BACKGROUND

On December 6, 2001, the grand jury returned and the government filed a three-count indictment against the defendant. On July 24, 2002, the government filed an information regarding its intention to seek enhanced penalties against the defendant. On August 8, 2002, the government filed a three-count superseding indictment against the defendant. Count one charged possession with intent to distribute approximately 7.54 grams of heroin within 1,000 feet of a protected location, count two charged possession with intent to distribute approximately 2.87 grams of heroin within 1,000 feet of a protected location and count three charged possession with intent to distribute approximately 4.7 grams of cocaine base within 1,000 feet of a protected location.[3] On August 9, 2002, the government filed an information regarding its intention to seek enhanced penalties against the defendant. On November 8, 2002, the government again

---

[2] No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in each count of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 851 and 21 U.S.C. § 860.

filed an information regarding its intention to seek enhanced penalties against the defendant. On December 2, 2002, the defendant's jury trial commenced. On December 3, 2002, the jury found the defendant guilty of all three counts contained in the superseding indictment. On March 19, 2003, the court sentenced the defendant to 360 months imprisonment and 6 years supervised release. On the same day, judgment entered against the defendant. On March 21, 2003, the defendant filed a notice of appeal. On December 12, 2003, the Eighth Circuit Court of Appeals affirmed the defendant's convictions and resulting sentence. *See United States v. Harris*, 352 F.3d 362 (8th Cir. 2003).

On January 1, 2005, the defendant filed the instant motion. In his 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence based on alleged violations of the United States Constitution. Specifically, the defendant claims the court unlawfully enhanced his sentence. To support his claim, the defendant relies on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). On March 28, 2005, the defendant filed a motion to supplement his motion to vacate, set aside or correct his sentence. In such motion, the defendant asserts: (1) counsel provided ineffective assistance because he failed to call witnesses who would have provided helpful testimony; (2) counsel provided ineffective assistance when he failed to pursue a plea agreement and proceeded to trial; and (3) the court erred when it permitted out-of-court statements to be admitted into evidence. With respect to his first two assertions, the defendant presumably relies on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Concerning his third assertion, the defendant relies on *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255 and motion to supplement his motion to vacate, set aside or correct his sentence.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct

appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1997); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

### B. The Defendant's Claims

#### 1. *Blakely v. Washington*

The defendant's reliance on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to challenge his conviction and resulting sentence is unavailing. On January 12, 2005, the Supreme Court addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to the Federal Sentencing Guidelines). Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005). Consequently, any direct reliance on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), or indirect reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing.

#### 2. *Strickland v. Washington and Crawford v. Washington*

Under the Antiterrorism and Effective Death Penalty Act of 1996, a 28 U.S.C. § 2255 motion must be filed within one year of the date the conviction becomes final, except

in circumstances not present here.  *See* 28 U.S.C. § 2255.[5]  Although he timely filed his original motion, the defendant did not file his motion to supplement his motion to vacate, set aside or correct his sentence before March 11, 2005, which is the last date he could have timely filed an amendment to his 28 U.S.C. § 2255 motion.  *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Because the defendant's untimely filing does not sufficiently relate back to his original 28 U.S.C. § 2255 motion, it is barred.  *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment).  *See also Mandacina v.*

---

[5] A 1-year period of limitation shall apply to a motion under this section.
> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

*United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57).

In sum, the defendant either failed to state a claim which warrants relief or the claims asserted are barred by the applicable statute of limitations. Accordingly, the defendant's motion to vacate, set aside or correct his sentence and motion to supplement his motion to vacate, set aside or correct his sentence shall be denied.

### C. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to all of the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 132) is DENIED.

2) The defendant's motion to supplement his motion to vacate, set aside or correct his sentence (Docket No. 139) is DENIED.

3) A certificate of appealability is DENIED.

**DATED** this 27th day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA